494 F.2d 36
 Anthony J. CAPELLA, as Surviving Spouse of Mary E. Capella,
Deceased, Plaintiff-Appellant,
v.
L. R. BAUMGARTNER, M.D., and John F. Pearl, M.D., et al.,
Defendants-Appellees.
Anthony J. CAPELLA, as Administrator of the estate of Mary
E. Capella, Deceased, Plaintiff-Appellant,
v.
L. R. BAUMGARTNER, M.D., and John F. Pearl, M.D., et al.,
Defendants-Appellees.
 No. 73-2551.
 United States Court of Appeals, Fifth Circuit.
 May 20, 1974, Rehearing Denied June 25, 1974.
 
 Sherryl Dunaj, Gerald F. Richman, Miami, Fla., for plaintiff-appellant.
 Frank G. Cibula, Jr., West Palm Beach, Fla., for Bethesda Mem. Hospital.
 Kirsch, Druck & Mills, P. Dianne Weaver, Ft. Lauderdale, Fla., for John F. Pearl, M.D.
 Robert M. Montgomery, Edna L. Caruso, O'Connell & Cooper, West Palm Beach, Fla., for L. R. Baumgartner, M.D.
 Before JONES, THORNBERRY and COLEMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Consolidated both below and here, these were diversity suits for medical malpractice, allegedly resulting in wrongful death. Liability was asserted because of the death of Mrs. Mary Capella, which occurred June 28, 1970. The deceased was an epileptic. She was first hospitalized, as an emergency case, on June 22, 1970. She was discharged on June 27. The evidence for the defendants, disputed by the plaintiff, was that this occurred because Mrs. Capella and her husband insisted on it. The next day she had to be returned, obviously in an extremely precarious condition, and died at 9:32 p.m. of that date. Death was attributed to acute renal failure and potassium poisoning, allegedly induced by a drip administered upon return to the hospital and at a time when high blood urea nitrogen contraindicated such treatment.
 
 
 2
 Our analysis of the record indicates beyond question that this litigation presented a classical jury case. There was widely conflicting evidence in support of both plaintiff and defense theories and which could have supported a verdict for either side. The verdict was for the defendants.
 
 
 3
 While appellants submit seven assignments of error, attacking various rulings of the trial Court and the verdict itself, we are of the view that they are legally of no reversible merit. Further discussion would amount to no more than a re-exploration of the ground which the jury covered, thus of no precedential value.
 
 
 4
 Accordingly, the judgment of the District Court is
 
 
 5
 Affirmed.